UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-21723-BLOOM/Elfenbein

PROGRESSIVE EXPRESS INSURANCE
COMPANY,

    Plaintiff,

v.

ENRIQUE AUGUSTO URDANETA, JOSEPH
REED UBELE, AND THE MINATO GROUP, LLC,

    Defendants.
_____/

## ORDER ON MOTION TO VACATE DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court upon Defendant Joseph Reed Ubele's ("Ubele") Motion to Set Aside Clerk's Default, Order on Default, and Default Final Judgment ("Motion"). ECF No. [37]. Plaintiff filed a Response in Opposition ("Response"). ECF No. [41]. Ubele filed a Reply in Support ("Reply"). ECF No. [42]. The Court has reviewed the Motions, the supporting and opposing submissions, the record, and is otherwise fully advised. For the following reasons, the Motion is denied.

### I. BACKGROUND

On April 15, 2025, Plaintiff filed its Complaint seeking declaratory relief against Ubele, The Minato Group, LLC, and Enrique Augusto Urdaneta. ECF No. [1]. Specifically, Plaintiff sought a declaration that it had no duty to defend or indemnify The Minato Group, LLC or Enrique Augusto Urdaneta for damages sought by Ubele in a separate lawsuit relating to an automobile incident. ECF No. [1] ¶ 25. On April 16, 2025, a Summons was issued to Ubele, ECF No. [11], and returned executed on May 5, 2025. ECF No. [14]. On May 27, 2025, Plaintiff filed a Motion for Clerk's

Default due to Ubele's failure to respond to the Complaint, ECF No. [23], and a Clerk's Default was entered against Ubele. ECF No. [24]. The Court thereafter entered its Order on Default Judgment Procedure, ECF No. [27], and provided notice to Ubele of the Court requiring Plaintiff to file a motion for default judgment. Plaintiff complied. *See* ECF No. [29]. On August 15, 2025, the Court entered Final Judgment in favor of the Plaintiff and against the Defendants, including Ubele, and determined that:

> The Plaintiff does not owe a duty to defend or indemnify The Minato Group, LLC or Enrique Augusto Urdaneta for damages, fees, or costs awarded against them in the underlying action styled *Ubele v. Urdaneta, The Minato Group LLC et al.*, Case No. 2024-020091-CA-01 pending in the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

ECF No. [34].

Ubele now asks the Court to set aside the Clerk's default, vacate the order of default, and vacate the default final judgment. ECF No. [37] at 1. In support, Ubele attaches an affidavit to his Motion, in which he states, "I rely on my attorneys to handle all issues arising out of my lawsuit" and "I was unable to locate any documentation that would show that the law firm received notice of the Federal case, case number: 1:25-cv-21723." ECF No. [37] at 15.

Ubele argues the default and resulting orders are void under Florida law because Ubele's counsel and Plaintiff's counsel communicated regarding this dispute which "constitutes a paper sufficient to void Plaintiff's request for entry of default from the clerk." ECF No. [37] at 5. Alternatively, Ubele argues that good cause and excusable neglect exists to vacate the default and resulting orders. ECF No. [37] at 7. Plaintiff responds that Ubele relies on inapplicable Florida law, misrepresents Plaintiff's correspondence with Ubele's counsel, and fails to show good cause or excusable neglect. ECF No. [41] at 7.

## II. LEGAL STANDARD

### A. Relief from Judgment

Pursuant to Rule 60, the Court may grant relief from a judgment or order upon several bases, including "mistake, inadvertence, surprise, or excusable neglect; ... or any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1), (6). "The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007). On the other hand, "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (internal quotations and citations omitted). "It is well established, ... that relief under Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (internal citation and quotations omitted); *see also Frederick v. Kirby Tankships, Inc.*, 205 F. 3d 1277, 1288 (11th Cir. 2000) ("Federal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances."). Ultimately, whether to grant relief pursuant to Rule 60(b) is ultimately a matter of discretion. *Aldana*, 741 F.3d at 1355 (citing *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (internal citation and quotations omitted)).

The Eleventh Circuit Court of Appeals has stated that to establish grounds for relief under Rule 60(b)(1) "a defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *Safari Programs, Inc. v.*

3

*CollectA Int'l Ltd.*, 686 F. App'x 737, 743 (11th Cir. 2017) (quoting *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003)).

**III. DISCUSSION**

**A. Communications Between Ubele's Counsel and Plaintiff's Counsel**

Ubele contends that "Florida case law indicates that correspondence between Defendant and Plaintiff's counsel regarding a dispute constitutes a paper sufficient to void Plaintiff's request for entry of default from the clerk." ECF No. [37] at 5. Moreover, that "in a Florida state court, when the plaintiff is aware that the defendant is represented by counsel who has expressed an intent to defend on the merits, an application for default always should be served." *Id.* at 6. Ubele argues that Plaintiff was aware he was represented by an attorney and failed to provide notice to his counsel, requiring the clerk's entry of default to be set aside. ECF No. [37] at 7. Plaintiff responds that Ubele was properly served with the motion for clerk's entry of default consistent with Federal Rule of Civil Procedure 5. ECF No. [41] at 5. Additionally, Plaintiff argues that Ubele relies on "inapplicable Florida state court law" and misrepresents communications between the Parties. ECF No. [41] at 6.

Independent of any communications between the Parties[1], Ubele mistakenly relies upon Florida law. Federal law governs the default judgment analysis for a federal court sitting in diversity jurisdiction. *C & M Inv. Grp., Ltd. v. Campbell*, 448 F. App'x 902, 905 (11th Cir. 2011) (citing *Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 427 (1996)). "Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit. . . the clerk of court is authorized to enter a

---

[1] Attached to Ubele's Motion is an e-mail chain, *see* ECF Nos. [37-1], [37-2], that begins with an e-mail from Plaintiff dated September 4, 2025, confirming receipt of an August 19, 2025, e-mail from Ubele's counsel, demanding $300,000.00 to settle Ubele's bodily injury claim. As is clear, the earliest correspondence was initiated after the Court's entry of the final judgment.

4

clerk's default. Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default. . . a court may enter a default judgment against the defendant because of the defendant's failure to appear or defend. Fed. R. Civ. P. 55(b)(2)." *Glennon v. Rosenblum*, 325 F. Supp. 3d 1255, 1261 (N.D. Ala. 2018).

As Plaintiff correctly points out, consistent with the requirements under Federal Rule of Civil Procedure 55, Ubele "was personally served with the Summons, Complaint and Motion for Clerk's default in this matter." ECF No. [41] at 7. Ubele had notice of the lawsuit and failed to respond and, in accordance with Rule 55, Plaintiff properly filed its motion for clerk's entry of default, ECF No. [23], and a default was entered. ECF No. [24].

### B. Good Cause to Vacate the Default Based on Excusable Neglect

Alternatively, Ubele argues he "established good cause to vacate the Clerk's default, Order of Default, and Default Final Judgment in the form of excusable neglect." ECF No. [37] at 10. "[T]he determination of excusable neglect 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Blake v. Enhanced Recovery Co., LLC*, No. 3:10-cv-1178-J-37JBT, 2011 WL 3625594, at *1 (M.D. Fla. Aug. 17, 2011) (quoting *Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201 (11th Cir. 1999)).

Because "the determination of what constitutes excusable neglect is an equitable one, taking into account the totality of the circumstances surrounding the party's omission," courts also consider the four factors set out by the United States Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd.*, including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 743-44 (quoting *Pioneer*, 507 U.S. 380, 395 (1993)); *see*

5

*also Sream, Inc. v. Ecstasy Fashion II, Inc.*, No. 18-cv-61216, 2018 WL 10374693, at *1 (S.D. Fla. Sept. 19, 2018).

Ubele contends that his failure to respond to the lawsuit is excusable neglect because Plaintiff failed to provide notice of the lawsuit to his attorney. ECF No. [37] at 10.  Plaintiff responds that "[Ubele] fails to set forth any actual basis to support why he, the Defendant (and not counsel) failed to respond to the Complaint." ECF No. [41] at 8. Plaintiff argues that Ubele received the Summons, Complaint, and Motion for Clerk's Entry of Default, willfully ignored them, and such willful ignorance is not excusable neglect. *Id*.

In support of its argument, Plaintiff relies on *Ins. Co. of N. Am. v. Morrison*. 154 F.R.D. 278 (M.D. Fla. 1994). In *Morrison*, the defendant failed to timely answer plaintiff's complaint because it was misrouted from its legal department to its commercial car loan department and the car loan department neglected to forward the complaint to its legal department. *Id*. at 280. The court pointed out that "clerical error or oversight are not excusable neglect." *Id*. (citing *Tarmac Florida Inc. v. Employers Ins. of Wausau,* 706 F.Supp. 40 (S.D. Fla. 1989). Plaintiff also cites to *Gibbs v. Air Canada*, where a defaulted defendant alleged it sent the complaint to its in-house counsel, but the complaint never reached counsel and must have been lost in the mail. 810 F.2d 1529, 1537 (11th Cir. 1987). In *Gibbs*, the Eleventh Circuit held that "[d]efault that is caused by the movant's failure to establish minimum procedural safeguards for determining that action in response to a summons and complaint is being taken does not constitute default through excusable neglect." *Id*. at 1537 (citing *Davis v. Safeway Stores, Inc.,* 532 F.2d 489, 490 (5th Cir.1976)).

Here, Ubele's affidavit provides insight into the procedural safeguards surrounding his relationship to the litigation and his attorneys. He avers, "I have been under the impression that the attorneys would handle all things related to the lawsuit." ECF No. [37] at 15. Moreover, Ubele

indicates he is "not familiar with legal procedures or rules of the courts", and that he "rel[ies] on [his] attorneys to handle all issues arising out of my lawsuit." *Id*. Here, like in *Morrison* and *Gibbs*, Ubele's failure to forward the Complaint to his attorneys is an error of internal communication and oversight that fails to warrant excusable neglect. No procedural safeguards were in place to ensure that Ubele, having been properly served, would forward the Summons and Complaint to his attorneys. Ubele only assumed his attorneys "would handle all things related to the lawsuit" and never took any action to inform his attorneys he was served. The Eleventh Circuit has stressed that parties have a duty to act with some diligence to ensure their attorneys are protecting their interests. *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 784 (11th Cir. 1993).

Though Ubele argues Plaintiff was required to provide notice of the lawsuit to his attorney, he is mistaken. Federal Rule of Civil Procedure 4(e) specifies that service on an individual defendant within a judicial district of the United States may be accomplished by delivering a copy of the summons and complaint to the *individual personally*, leaving copies at the individual's dwelling or usual place of abode with someone of suitable age and discretion, or delivering copies to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e). Here, Ubele was properly served and simply took no action. Plaintiff was under no obligation to notice attorneys who never entered an appearance in this case.

Plaintiff also asserts Ubele has failed to show a meritorious defense and insists it would be prejudiced if the order was vacated. Because the Court finds Ubele failed to establish good cause for default, the Court need not reach those arguments.

IV.   **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion**, ECF No. [37]** is **DENIED**.

7

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 19, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record